WOODALL, Justice
(concurring in the result).
As previously recognized by this Court, the trial court’s Liability-Phase order was based, in part, on its holding that § 256 of Amendment 111 to the Alabama Constitution of 1901 “is void ab initio and in its entirety under the Equal Protection *841 Clause of the Fourteenth Amendment to the United States Constitution.” James v. Alabama Coalition for Equity, 713 So.2d 937, 949 (Ala.1997) (emphasis omitted). Today, this Court, for the fifth time, has properly refused to review the Liability-Phase order, including the trial court’s holding regarding Amendment 111.
Justice Maddox, writing specially in Ex parte James, noted:
“The plaintiffs have sought a resolution in a case involving a justiciable controversy. The trial court heard substantial evidence, interpreted the law, and decided the ‘case’ or ‘controversy,’ not as a result of a constitutional assignment of a special competence or superiority of the judiciary vis-á-vis the other branches in this regard, but in the performance of a constitutional duty. It would appear that the state defendants would be bound by that judicial resolution, which has become final because the state defendants did not appeal. If these state defendants, or any other defendant, could decide, on a case-by-case basis, which decisions they will or will not obey, then we would have a government of men, which the Constitution forbids, rather than a government of laws. § 43, Ala. Const.1901.
“In conclusion, the Constitution is a species of law superior to legislative action or inaction. It appears to me that if the state defendants disagreed with the judicial interpretation, they should have appealed to this Court. Having failed to do so, they are bound by the declaration made in the Liability Phase, which states them duties in general terms. In performing their duties, however, I do not believe they should be bound by a specific plan, but should be free to exercise their discretion in protecting what has been judicially determined to be the constitutional rights of Alabama citizens. I personally believe that they will carry out their duties, and I would consider the role of the judicial branch [in this case] to be at an end once it declared what those [general] duties and responsibilities were.”
Ex parte James, 713 So.2d 869, 894 (Ala.1997) (Maddox, J., concurring in part and dissenting in part). I agree with Justice Maddox’s conclusions; therefore, I concur in the result.